**HOLIDAY ALASKA, INC., Appellant,**

v.

**STATE of Alaska, DIVISION OF COR-
PORATIONS, BUSINESS & PROFES-
SIONAL LICENSING, Appellee.**

No. S–14155.

Supreme Court of Alaska.

July 20, 2012.

Michael A. Grisham, Dorsey & Whitney LLP, Anchorage, for Appellant.

Andy Harrington, Assistant Attorney General, Fairbanks, and John J. Burns, Attorney General, Juneau, for Appellee.

Before: CARPENETI, Chief Justice, FABE, WINFREE, and STOWERS, Justices.

## OPINION

WINFREE, Justice.

### I. INTRODUCTION

In *Godfrey v. State of Alaska, Department of Community & Economic Development,* we upheld a version of AS 43.70.075, Alaska's tobacco endorsement statute, against several due process challenges.[1] While those challenges were pending the legislature amended the statute to address due process concerns.[2] We now consider due process challenges to the amended statute, and affirm the superior court's conclusion that the amended statute provides due process.

### II. FACTS AND PROCEEDINGS

Holiday Alaska, Inc. (Holiday) sells tobacco at over 25 stores in Alaska, and each store holds a tobacco license endorsement from the State.[3] The State sought to suspend five different Holiday stores' tobacco license endorsements following five separate incidents of Holiday employees' illegal tobacco sales to

---

1. 175 P.3d 1198, 1211 (Alaska 2007).

2. Ch. 61, §§ 4–6, SLA 2007.

3. *See* AS 43.70.075(a) (requiring tobacco license endorsement for sale of tobacco products).

minors.[4] Each case resulted in conviction: One employee was found guilty by default judgment, three pled guilty, and one was found guilty at trial.

The State filed a notice of intent to suspend the five tobacco license endorsements based on the employee convictions, seeking to impose a $300 civil fine and a 20–day endorsement suspension against each store.[5] Holiday requested a hearing before the Office of Administrative Hearings in each case. An Administrative Law Judge (ALJ) held two hearings. The ALJ first considered the allegations against Holiday resulting from four of the convictions and issued a consolidated decision; the ALJ later considered the allegations against Holiday resulting from one additional employee's conviction and issued a separate decision.

Throughout the proceedings Holiday asserted various constitutional challenges, which the ALJ denied because he could not "rule on a constitutional challenge that seeks to nullify the statute." However, the ALJ allowed Holiday to present evidence relevant to its constitutional challenges to construct a factual record for appeal.

Holiday also presented evidence about its zero-tolerance policies regarding underage tobacco sales, which included education programs for new employees and possible immediate termination of any employee caught in a government sting operation. Holiday presented little or no specific evidence on the factual circumstances of each individual sale; in fact, Holiday contested liability in only two of the individual sales. In one instance, Holiday argued that the employee's plea bargain made in exchange for a dismissal of a more serious charge of selling alcohol to a minor in the same incident constituted clear and convincing evidence that no negligent sale occurred. In the other, Holiday argued that the default judgment resulting from the employee's failure to appear was clear and convincing evidence that no negligent sale occurred.

The ALJ concluded that Holiday did not overcome the statutory presumption of negligence established by the convictions,[6] and therefore was liable for each violation and subject to penalty under AS 43.70.075(d). The ALJ considered Holiday's internal procedures as evidence justifying mitigation of the penalty, but did not find the policies rebutted liability entirely.[7] The ALJ recommended imposing a $300 penalty and suspending the tobacco license endorsement for 13–20 days in each case, with reductions in three instances based on the mitigating evidence of internal policies.

The Commissioner adopted the ALJ's recommendations as the final agency decision, and Holiday appealed to the superior court. The superior court upheld the Commissioner's decision without modification, specifically rejecting Holiday's constitutional arguments.

Holiday appeals, presenting only one issue: whether AS 43.70.075, as amended, violates its due process rights.

## III. STANDARD OF REVIEW

■ We review issues of statutory interpretation and questions concerning the constitutionality of statutes de novo, and adopt the rule of law that is most persuasive in light of precedent, reason, and policy.[8] We apply our independent judgment to deter-

4. *See* AS 11.76.100 (outlining offense of selling or giving tobacco to minor).

5. *See* AS 43.70.075(d) (providing "the department shall impose a civil penalty," including endorsement suspension, if the endorsement holder or its employee is convicted of a negligent tobacco sale offense).

6. *See* AS 43.70.075(w) ("[A] conviction ... by the agent or employee of the [licensee] is rebuttably presumed to constitute proof of the fact that the agent or employee negligently sold [tobacco to a minor]. The [licensee] may overcome the presumption by establishing by clear and convincing evidence that the agent or employee did not negligently sell [tobacco to a minor].").

7. *See* AS 43.70.075(t) (providing that the department may reduce the license suspension period based on evidence of the licensee's internal policies to prevent negligent sales).

8. *Godfrey v. State, Dep't of Cmty. & Econ. Dev.*, 175 P.3d 1198, 1201 (Alaska 2007) (citing *Sands ex rel. Sands v. Green*, 156 P.3d 1130, 1132 (Alaska 2007); *State, Dep't of Revenue, Child Support Enforcement Div., ex rel. Husa v. Schofield*, 993 P.2d 405, 407 (Alaska 1999)).

mine whether there was a violation of Holiday's right to due process.[9]

## IV. DISCUSSION

### A. *Godfrey v. State*

In *Godfrey* we considered several due process challenges to the former version of Alaska's tobacco endorsement statute.[10] The statute permitted the licensee to dispute whether its employee was acting within the scope of employment and whether there was a conviction, but did not allow inquiry into the employee's underlying negligence.[11] We explained that the statute:

> strive[d] to enforce the state's strong interest in preventing all underage sales by holding licensees liable for any such sale, whether negligent or not. The clear text of subsection .075(d) unequivocally require[d] the department to suspend an endorsement based on proof of an employee's *conviction* under AS 11.76.100; it does not require proof of the employee's *actual guilt.*[12]

Godfrey, the owner of a store licensed to sell tobacco products, argued that the statutory scheme was facially unconstitutional because it denied him due process.[13] We first considered Godfrey's argument that the statute did not provide him an opportunity to contest issues of "central importance" to the licensing decision, thereby denying him due process under *Javed v. Department of Public Safety, Division of Motor Vehicles.*[14] We concluded that *Javed* was not analogous "in light of the inherent danger posed by commercial tobacco sales, the legislature's clear intent to regulate tobacco sales and to pro-vide firm mechanisms for curtailing tobacco use by minors, and the entirely commercial nature of the licensee's interest."[15] We explained that the statute's underlying purpose was to protect minors by restricting their access to tobacco, not to punish negligent tobacco sales; the licensing action's "central element" was whether a minor purchased tobacco through Godfrey's tobacco license, not whether the employee was negligent.[16] We also noted that relying on the fact of conviction as presumptive proof of sanctionable conduct was rationally based and neither arbitrary nor capricious.[17]

We then determined Godfrey was not denied due process under the *Mathews v. Eldridge* test, noting the State's interest in protecting minors from tobacco and the low risk of erroneous deprivation outweighed Godfrey's economic interest in an unsuspended tobacco endorsement.[18] We summarized our conclusions by noting that "when an industry engages in commercial activity that routinely exposes the public to significant harm, the legislature has a legitimate interest in holding the industry's licensed participants accountable for all conduct in exercising the license, not just for the licensee's personal negligence or fault."[19]

### B. The Amended Statutory Scheme

Like the former version of the statute, the amended statute provides that if a licensee's employee is convicted of violating AS 11.76.100 while acting within the scope of employment, the State may impose a civil penalty.[20] But the amended statute differs by establishing an employee's conviction as a

---

9. *Copeland v. Ballard,* 210 P.3d 1197, 1201 (Alaska 2009).

10. 175 P.3d at 1203–07.

11. Former AS 43.70.075 (2006).

12. *Godfrey,* 175 P.3d at 1204 (emphasis in original).

13. *Id.* at 1199.

14. *Id.* at 1205 (citing *Javed v. Dep't of Pub. Safety, Div. of Motor Vehicles,* 921 P.2d 620, 622–23 (Alaska 1996) (providing that due process requires the accused at a driver's license revocation hearing "must be granted the opportunity to fully contest issues of 'central importance' to the revocation decision")).

15. *Id.* at 1205.

16. *Id.*

17. *Id.*

18. *Id.* (citing *Mathews v. Eldridge,* 424 U.S. 319, 334–35, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).

19. *Id.* at 1206.

20. AS 43.70.075(d).

rebuttable presumption of negligence to support a finding of liability.

As before, the licensee may request a hearing to contest liability,[21] but the amendment added subsections (m)(5) and (w), which together allow evidence on whether the licensee "overc[a]me the rebuttable presumption" that an employee's conviction "constitute[s] proof of the fact that the agent or employee negligently sold [tobacco products to a minor]." The licensee "may overcome the presumption by establishing by clear and convincing evidence that the agent or employee did not negligently sell [tobacco products to a minor] as alleged in the citation issued to the agent or employee." [22]

### C. The Amended Statutory Scheme Does Not Deny Holiday Due Process Of Law.

■ Holiday repeats *Godfrey*'s due process challenges, arguing that AS 43.70.075 violates the *Mathews* test and denies a meaningful hearing within the meaning of *Javed*. But the 2007 amendment enhances procedural protections rather than diminishes them: granting the licensee the right to notice of minor offense charges pending against any employee,[23] allowing the licensee to overcome the rebuttable presumption that its employee's conviction constitutes proof of a negligent sale of tobacco products to a minor,[24] and allowing the licensee to present mitigating evidence of its efforts to curtail negligent sales.[25] These additional procedural protections serve to further diminish the risk of erroneous deprivation. And although we agree that under the new statutory scheme employee negligence now can be an issue of "central importance" within *Javed*'s meaning, we conclude that due process is satisfied because subsection (m)(5) provides the licensee the opportunity to present evidence rebutting the negligence presumption.

Holiday agrees the amended statute is an "improve[ment]" over the previous version because it allows the endorsement-holder to present evidence about the issue of central importance," but claims that the revised statute "does not go far enough to make the hearing meaningful." Specifically, Holiday contends it was denied a meaningful hearing because the statute required it to bear the burden of proof in disputing employee negligence, which is arguably difficult for the licensee when the employee has no incentive to combat the charge.

But in *Stevens v. State, Alcoholic Beverage Control Board*,[26] we found due process satisfied by a liquor licensing statute requiring a licensee, rather than a municipality, to carry the burden of persuasion to overcome a valid municipal protest.[27] We explained that while due process requires a licensee "be provided with notice and an opportunity to be heard in a meaningful, impartial hearing" before a property interest can be taken, the procedures "need not be elaborate," as due process required only that the ABC Board hold a hearing before it suspended a liquor license.[28] We concluded that "nothing" about the burden placement on the licensee "would deprive Stevens of notice, an opportunity to be heard, or the impartiality or significance of his hearing." [29] The same holds true here.

Further, in *Godfrey* we rejected the same argument Holiday makes about employee motivation, noting "the penalty amount gave

---

21. AS 43.70.075(m).

22. AS 43.70.075(w). The ALJ stated without explanation that evidence produced under this provision does not negate liability entirely, but instead functions as a basis for only partial mitigation of the penalty. As the superior court correctly concluded, and both parties agree, this statutory interpretation is incorrect. If a licensee can rebut the presumption established by its employee's conviction, proving by clear and convincing evidence that the employee did not negligently sell a tobacco product to a minor, then the State has no basis for sanctions under the statute.

23. AS 44.29.094(g).

24. AS 43.70.075(m)(5).

25. AS 43.70.075(m)(4).

26. 257 P.3d 1154 (Alaska 2011).

27. *Id.* at 1160.

28. *Id.* (citing *Thorne v. State, Dep't of Pub. Safety*, 774 P.2d 1326, 1329 (Alaska 1989)).

29. *Id.*

the employees ample incentive to defend themselves." [30] This determination was fundamental to our dismissal of Godfrey's constitutionality argument under *Javed*,[31] and the 2007 amendment did nothing to alter the penalty faced by a convicted employee under AS 11.76.100 or its effect on an employee's motivation to contest the charge. Holiday has presented no reason why an employee would be less motivated under the amended statute to fight an erroneous charge: A conviction may cost the employee his or her job, and the penalty represents a measurable percentage of an hourly worker's earnings, providing significant motivation to fight an erroneous charge. And the statutory change requiring notice to a licensee of charges against an employee enables the licensee to provide counsel to fight erroneous charges.[32] Indeed, in this case Holiday provided several of its employees with legal representation and at least one employee went to trial.

## V. CONCLUSION

For these reasons, the superior court's decision is AFFIRMED.

CHRISTEN, Justice, not participating.

FABE, Justice, concurring.

FABE, Justice, concurring.

I agree with the result the court reaches today. But I write separately to emphasize my continuing disagreement with the court's suggestion that the statute satisfies due process because clerks have a "significant motivation" to contest a fine of $300.[1]

I joined Justice Matthews's dissent in *Godfrey* because I believed that the previous version of the statute at issue denied licensees due process. In particular, I disagreed with the court's reasoning that store clerks

had "ample incentive to defend themselves." [2] In my view, the potential fines, which were not accompanied by any risk of legal disability and which "carr[ied] little, if any, public opprobrium," provided insufficient incentives for employees to undertake the costly endeavor of defending themselves.[3] Store clerks, faced with the choice of hiring lawyers and taking time off work to defend themselves or simply paying the fines and moving on with their lives, could easily decide they were better off doing the latter.

As the court notes, the amended statute includes additional procedural protections for licensees.[4] Most notably, it allows licensees to rebut the presumption of negligence on the part of their employees. This amendment allows for an individualized, factual determination of whether a licensee is liable. Additionally, licensees must now be provided with notice of minor offense charges pending against their employees, giving licensees a better opportunity to provide counsel to charged employees who otherwise might not have an incentive to hire lawyers. Because of these new procedural protections, this case differs from *Godfrey*, and I agree with the court that the amended statute satisfies due process.

---

30. *Godfrey v. State, Dep't of Cmty. & Econ. Dev.,* 175 P.3d 1198, 1205 (Alaska 2007).

31. *Id.* ("[T]he penalty amount gave the employees ample incentive to defend themselves. This opportunity and incentive to defend oneself, and one's employee, against conviction was therefore enough to ensure that procedurally this issue was not foreclosed.").

32. AS 44.29.094(g).

1. Op. at 540–41.

2. *Godfrey v. State, Dep't of Cmty. & Econ. Dev.,* 175 P.3d 1198, 1205 (Alaska 2007).

3. *Id.* at 1209 n. 10 (Matthews, J., dissenting). In *Godfrey*, one clerk was fined $300 and the other $200. *Id.* at 1200. AS 11.76.100(f) sets the minimum at $300, and AS 12.55.035(b)(7) sets the maximum at $500.

4. Op. at 539–40.