*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| CHRIS ROSAUER and JEANNE ROSAUER, | ) ) | Supreme Court No. S-16678 |
| | ) | |
| Appellants, | ) | Superior Court No. 3AN-16-06153 CI |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| THOMAS MANOS; JODY LIDDICOAT; and GREATLAND TREE SERVICE, LLC, | ) ) ) | No. 7343 – March 8, 2019 |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Erin B. Marston, Judge.

Appearances: John W. Colver, Colver & McMillan, LLC, Anchorage, for Appellants. Timothy J. Lamb and Whitney L. Traeger, Delaney Wiles, Inc., Anchorage, for Appellees Thomas Manos and Jody Liddicoat. Kenneth M. Gutsch, Richmond & Quinn, Anchorage, for Appellee Greatland Tree Service, LLC.

Before: Bolger, Chief Justice, Winfree, Stowers, and Carney, Justices. [Maassen, Justice, not participating.]

WINFREE, Justice.

## I.      INTRODUCTION

Homeowners had trees removed from a municipal right-of-way across the road from their home, only obtaining a required permit several months later. Neighbors,

whose property abutted the right-of-way and whose house had been behind the removed trees, sued the homeowners and the tree-removal company for damages.[1] The superior court granted summary judgment to the homeowners and the tree-removal company, concluding that the municipality's subsequent permit approving the tree removal negated the neighbors' claim. The neighbors appeal. Because we agree that the municipality's subsequent permit effectively conferred lawful authority to cut the trees, we affirm the superior court's decision.

## II.    FACTS AND PROCEEDINGS

The material facts of this case are undisputed. Chris and Jeanne Rosauer own a home and underlying property in Girdwood across the municipal roadway from a home and underlying property owned by Thomas Manos and Jody Liddicoat (collectively Manos). The Municipality of Anchorage owns a right-of-way between the Rosauers' property and the municipal roadway.

In August 2015 Manos hired Greatland Tree Service, LLC to remove several cottonwood trees within the municipal right-of-way in front of the Rosauers' property. The Anchorage Municipal Code requires private entities to obtain a permit for the "use" of municipal rights-of-way, including tree removal.[2] Neither Manos nor

---

[1]    Alaska Statute 09.45.730, Alaska's timber-trespass statute, allows a landowner to recover treble damages from a "person who without lawful authority cuts down . . . a tree . . . on . . . the land of another person or on the street or highway in front of a person's house." The neighbors asserted that landowners covered by the statute include the owners of houses adjoining streets or highways from which trees are removed, even if they do not own the land underlying the trees.

[2]    AMC 24.30.020 (2018) (requiring permit to "use any public place"); AMC 24.30.010 (defining "public place" to include rights-of-way and "use" to include tree removal).

Greatland obtained a permit before the tree removal, but Greatland later obtained a permit in October.

In April 2016 the Rosauers sued Manos and Greatland, seeking damages under Alaska's timber-trespass statute, AS 09.45.730,[3] which provides, in relevant part: "A person who without lawful authority cuts down, girdles, or otherwise injures or removes a tree, timber, or a shrub on the land of another person or on the street or highway in front of a person's house . . . is liable to the owner of that land." The next month Chris Rosauer asked the Municipality to invalidate the permit issued to Greatland. The Municipality denied Rosauer's request, explaining in a permit-inspection report that the trees had been located on a "right of way and not on private property" and that their removal benefitted the Municipality by "improv[ing] maintenance, snow removal, and access to [a] drainage ditch." The report concluded that the Municipality "will not permit the replacement of the trees in the same location." Rosauer did not further administratively challenge the permit.

All parties sought summary judgment on the Rosauers' claims. The motions raised two issues under the statute: whether the retroactive permit negated the requirement that removal be "without lawful authority" and whether the Rosauers could bring a claim under the statute even though they did not own the land from which the trees were removed.

Manos, joined by Greatland, argued that, because the statute does not specify when authority must be obtained, the retroactive permit constituted "lawful authority." The Rosauers countered that, although the statute is silent on timing, the Anchorage Municipal Code requires that a permit be obtained before removing trees

---

[3]    Alaska Statute 09.45.730 is titled "Trespass by cutting or injuring trees or shrubs." We referred to AS 09.45.730 in a past case as a "timber trespass" statute. *Wiersum v. Harder*, 316 P.3d 557, 559 (Alaska 2013).

from a right-of-way.[4] Manos responded that the code allows the Municipality to waive "any breach of any of the terms or conditions of a permit"[5] and that such terms and conditions include the requirement for obtaining a permit before tree removal. According to Manos, the retroactive permit acted as a waiver of the prior-authorization requirement.

Manos also argued that the Rosauers lacked standing to bring a claim under AS 09.45.730 because they did not own the land from which the trees were removed. Manos interpreted the condition "liable to the owner of that land" to grant a cause of action only to the owners of land from which trees are removed. The Rosauers responded that Manos seemed to ignore the second condition — "or on the street or highway in front of a person's house" — and that the term "owner of that land" also applies to homeowners whose property abuts a street or highway from which trees are removed, thus granting them a cause of action.

The superior court granted summary judgment to Manos and Greatland. The court stated that to "prevail under AS 09.45.730 Plaintiffs are required to show Defendants cut down a tree on the street in front of their house without lawful authority." The court concluded that the retroactive permit conferred lawful authority, negating the Rosauers' claim: "Defendants did not have lawful authority to cut the trees at the time they were cut, but gained lawful authority before this suit was filed, nullifying any cause of action Plaintiffs may have had."

The Rosauers appeal.

---

[4]    *See* AMC 24.30.020(A) ("It is unlawful for anyone to use any public place . . . without first having applied for and obtained a permit . . . .").

[5]    AMC 24.30.280.

## III. STANDARD OF REVIEW

"We review a grant of summary judgment de novo, 'affirming if the record presents no genuine issue of material fact and if the movant is entitled to judgment as a matter of law.' "[6] "In conducting de novo review, we will 'adopt the rule of law that is most persuasive in light of precedent, reason, and policy.' "[7] "Statutory interpretation is also a question of law, which we review de novo."[8] "Ordinary principles of statutory interpretation apply" to municipal ordinances.[9] "We apply our independent judgment to the interpretation of a statute that does not 'implicate an agency's special expertise or determination of fundamental policies.' "[10] "In questions of law involving the agency's expertise, a rational basis standard will be applied and we will defer to the agency's determination so long as it is reasonable."[11]

## IV. DISCUSSION

We begin with the question whether the Municipality's retroactive permit constituted lawful authority negating the Rosauers' claim under AS 09.45.730, because the answer decides this case's outcome. The Rosauers seize on the superior court's

---

[6]    *Kelly v. Municipality of Anchorage*, 270 P.3d 801, 803 (Alaska 2012) (quoting *Beegan v. State, Dep't of Transp. & Pub. Facilities*, 195 P.3d 134, 138 (Alaska 2008)).

[7]    *State, Div. of Elections v. Green Party of Alaska*, 118 P.3d 1054, 1059 (Alaska 2005) (quoting *Guin v. Ha*, 591 P.2d 1281, 1284 n.6 (Alaska 1979)).

[8]    *Madonna v. Tamarack Air, Ltd.*, 298 P.3d 875, 878 (Alaska 2013).

[9]    *S. Anchorage Concerned Coal. Inc. v. Municipality of Anchorage Bd. of Adjustment*, 172 P.3d 768, 771 (Alaska 2007).

[10]    *Municipality of Anchorage v. Suzuki*, 41 P.3d 147, 150 (Alaska 2002) (quoting *Cissna v. Stout*, 931 P.2d 363, 366 (Alaska 1996)).

[11]    *Alyeska Pipeline Serv. Co. v. DeShong*, 77 P.3d 1227, 1231 (Alaska 2003).

statement that a valid claim "accrued" on the date the trees were removed, and they suggest that the court prematurely foreclosed adjudication of a valid claim by concluding that the subsequent permit conferred lawful authority. But the Rosauers plainly misconstrue the superior court's ruling, that the permit invalidated their claim by depriving it of the element of unlawfulness.

Manos and Greatland are correct that AS 09.45.730 does not specify when lawful authority must be obtained, and the Rosauers offer no evidence of contrary legislative intent; indeed, they conceded this point in their briefing on summary judgment. The Rosauers instead rely on the Anchorage Municipal Code provision requiring a permit to be obtained prior to removing trees from a right-of-way.[12] They assert that it was "outside of [the municipal agent's] authority" to issue a retroactive permit.

We have recognized "the general principle that municipalities may broadly delegate powers to municipal agencies or officers."[13] Delegation promotes efficient government: As we have explained, "[w]ithout the power to delegate duty and discretion the affairs of [a municipality] could not be carried on."[14] Whether an agency's actions accord with a legislative delegation depends on agency expertise and reasonableness: "In questions of law involving the agency's expertise, a rational basis standard will be

---

[12]     *See supra* notes 2 and 4.

[13]     *Stevens v. State, Alcoholic Beverage Control Bd.*, 257 P.3d 1154, 1157 (Alaska 2011).

[14]     *Municipality of Anchorage v. Anchorage Police Dep't Emp. Ass'n*, 839 P.2d 1080, 1084 (Alaska 1992) (quoting *City of Anchorage v. Richardson Vista Corp.*, 242 F.2d 276, 285 (9th Cir. 1957) (second alteration added)).

applied and we will defer to the agency's determination so long as it is reasonable."[15] The Anchorage Municipal Code delegates significant authority and discretion over public-use permits to the Department of Development Services:

> The director of development services may attach to and make a part of the permit any special provisions and stipulations that he deems necessary to protect the public place . . . or may specify methods, sequences of construction and materials and other pertinent items, or may require that the applicant enter into an agreement with the municipality which shall contain such provisions and stipulations that he deems necessary.[16]

This provision broadly entrusts decisions regarding the safe and efficient use of public spaces to the Department. Authority to grant retroactive permits, with terms and conditions necessary to protect the public interest, is consistent with such a policy. Moreover, as the provision granting the Department permitting authority shows, permitting decisions involve agency expertise on public safety issues. This is clearly illustrated by the permit at issue in this case. The subsequent permit-inspection report — created in response to Chris Rosauer's request that the permit be invalidated — noted that the tree removal "improve[d] maintenance, snow removal, and access to [a] drainage ditch." Consequently, *at least based on the minimal record before us*, the Department's decision to grant a retroactive permit in this case should be reviewed for reasonableness. We cannot say that it is unreasonable to interpret the municipal code provision authorizing waiver of permit terms and conditions to include waiver of the prior-authorization requirement. We therefore conclude that the retroactive permit was validly granted.

---

[15]     *Alyeska Pipeline Serv. Co.*, 77 P.3d at 1231.

[16]     AMC 24.30.120(A).

The retroactive permit conferred lawful authority for the tree removal. Because the Municipality's retroactive permit deprived the Rosauers of the requirement under AS 09.45.730 that removal be "without lawful authority," we do not reach the question of standing under the statute.

## V.     CONCLUSION

We AFFIRM the superior court's decision.