*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ELIZABETH H. ROLLINS, | ) | |
| | ) | Supreme Court No. S-14760 |
| Appellant, | ) | |
| | ) | Superior Court No. 4FA-11-01678 CI |
| v. | ) | |
| | ) | O P I N I O N |
| STATE OF ALASKA, | ) | |
| DEPARTMENT OF PUBLIC | ) | No. 6842 - November 22, 2013 |
| SAFETY, ALCOHOLIC BEVERAGE | ) | |
| CONTROL BOARD, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Michael P. McConahy, Judge.

Appearances: Elizabeth H. Rollins, pro se, North Pole, Appellant. Harriet Dinegar Milks, Assistant Attorney General, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

BOLGER, Justice.

I.      INTRODUCTION

        Elizabeth Rollins appeals the superior court's decision upholding the Alcoholic Beverage Control Board's determination to deny her application for a waiver

of the annual operating requirement for her liquor license. Rollins argues that: (1) the Board's decision was not supported by the evidence; (2) she was improperly assigned the burden of proof; (3) the hearing before the administrative law judge violated her right to due process; and (4) the Board's selective enforcement of its statutes violated her right to equal protection. We conclude that Rollins properly bore the burden of proof on the issue of whether she was entitled to a waiver, that the record supports the Board's decision, and that the Board proceedings did not violate her constitutional rights. We therefore affirm the superior court's decision to uphold the Board's action.

## II.    FACTS AND PROCEEDINGS

Elizabeth Rollins purchased a beverage dispensary license (liquor license) in late 1990.[1] Rollins attempted to open a bar on a property she owned on Old Richardson Highway, but was, for several years, unsuccessful.[2] Alaska Statute 04.11.330(a)(3) contains a requirement that an applicant for renewal of a liquor license must operate the licensed premises "for at least 30 eight-hour days during each of the two preceding calendar years . . . ." Each year from 1991 through 1994, Rollins applied for a waiver of the 30-day annual operating requirement for varying reasons.[3] Each year the Board granted Rollins a waiver.[4]

In December 1995, Rollins applied for her fifth waiver of the annual operating requirement. In her application Rollins explained that she attempted to open

---

[1]     *Rollins v. State, Dep't of Revenue, Alcoholic Beverage Control Bd.*, 991 P.2d 202, 205 (Alaska 1999).

[2]     *Id.*

[3]     *Id.* at 205-06 (detailing Rollins's struggles to complete the renovations required to obtain the permits necessary to open the bar and her attempts to sell the property and open the bar at another location).

[4]     *Id.* at 205.

the bar, but needed extensive renovations in order to receive a health permit, and she could not complete those renovations by December 1, 1995. The Board denied her request for a waiver under the regulation governing a third or subsequent consecutive application for a waiver.[5] Because a waiver was required to renew her license, the Board also denied the renewal of her liquor license. Rollins appealed.

In *Rollins v. State, Department of Revenue, Alcoholic Beverage Control Board*, we upheld the superior court's decision upholding the Board's determination that the Board had the authority to enact the regulation governing consecutive applications for waiver and held that the Board's decision was supported by substantial evidence.[6] However, we granted Rollins leave to file an Alaska Civil Rule 60(b)(3) motion for relief from judgment based on a misrepresentation the Board had made in the superior court.[7] On remand, the superior court granted Rollins relief from its earlier judgment and reversed the Board's denial of the waiver application. In 2003, the Board sent Rollins a letter proposing terms for a settlement (the 2003 settlement). Rollins agreed to the terms outlined in the letter. According to the terms, the Board would grant her a fifth consecutive waiver "with the express warning that it is a final waiver of the operating requirement and no future waivers will be granted for this license." The letter also

---

[5] Former 15 Alaska Administrative Code (AAC) 104.170(e) (1996) (now numbered 3 AAC 304.170(e)) provided, in relevant part, that the Board "will, in its discretion, deny a third or subsequent consecutive application for waiver unless the licensee clearly shows that the licensed premises were not operated because the premises were condemned or substantially destroyed by any cause."

[6] *Rollins*, 991 P.2d at 206-11.

[7] Before the superior court, the Board represented that other licensees had been treated equally to Rollins. But the Board acknowledged to a third party that it had become stricter in enforcement, and Rollins was the first person to be affected by this stricter enforcement. *Id.* at 212-13.

specified that the license may only be transferred to another licensee with an express warning that "[t]he Board currently reviews waiver histories by license" and "[t]he requirement that the license be operated for 30 consecutive days in the calendar year 2004 will transfer to the new licensee."

After the 2003 settlement, Rollins applied to transfer her license to a new location on Old Airport Way. Rollins operated at the Old Airport Way location beginning in August 2004. In May 2005, Rollins sold the license to Tracy Hester. Under the agreement, Rollins retained a security interest in the license. Hester operated the license until mid-2006 when she disappeared and became delinquent in her payments to Rollins. Although Hester had disappeared, Rollins claims the building owner at Old Airport Way continued to operate the license.

Rollins commenced foreclosure proceedings on the license in October 2006. She also renewed the license. At some point in mid-2007, Rollins began operating the license again.

Rollins operated the license at the Old Airport Way location until May or June 2008. After she repeatedly noticed her alcohol was missing and received reports that the building owner had been opening the bar after hours, Rollins shut down operations and vacated the property. However, the license remained registered to the Old Airport Way location.

In June 2009, Rollins saw an advertisement indicating that another bar was moving to the Old Airport Way location. She filed an application to transfer her license from the Old Airport Way location to "No Premises." Around the same time, the Board became aware that Rollins had lost the lease on the Old Airport Way location and had not operated her license since May 2008. In a letter to Rollins sent in August 2009, the Board informed Rollins that she "must find a suitable location and file a transfer application, *and* be able to operate the license for at least 30 eight-hour days in 2009."

The letter reminded Rollins that under the terms of the 2003 settlement letter, no future waivers would be granted for the license.

In an attempt to operate her license, Rollins prepared a business plan and tried to obtain a bank loan. But the bank declined to make a loan. Rollins inquired about leasing the premises formerly occupied by the bar that had moved to the premises she had vacated, but she did not want to share the space with a restaurant that had already leased part of the property. Rollins also spoke with a real estate agent about other possible locations and placed an ad in the newspaper offering the license for sale.

On October 21, 2009, Rollins filed an application for waiver, marking her application as the "first waiver request." In her application, Rollins indicated that she planned to operate the license at the Old Richardson Highway location (the same location that was the subject of the 1992-95 waivers), but noted that she would need to complete renovations to convert the space into a bar and obtain the necessary permits. After the Board voted to deny Rollins's waiver application at a meeting in May 2010, Rollins invoked her right to a formal hearing.

An administrative hearing was held on November 10, 2010 in front of an Administrative Law Judge (ALJ). Rollins represented herself at the hearing. The ALJ issued a proposed decision affirming the Board's denial, and the Board adopted the decision on March 24, 2011. Rollins filed a request for reconsideration, which the Board denied. Because Rollins's application for waiver was denied, her application for license renewal was also denied.[8]

Rollins appealed to the superior court. The superior court upheld the Board's decision and rejected Rollins's due process and selective enforcement claims. Rollins now appeals to this court.

---

[8]     *See* AS 04.11.330(a)(3); 3 AAC 304.170(g).

## III. STANDARD OF REVIEW

Where the superior court acts as an intermediate appellate court, we "independently review the merits of the underlying administrative decision."[9] The "substantial evidence" standard applies to questions of fact, and the "reasonable basis" test applies to questions of law involving agency expertise.[10] "We apply our independent judgment to questions of law that do not involve agency expertise, including constitutional questions."[11]

## IV. DISCUSSION

Alaska Statute 04.11.330(a)(3) provides that

> an application for renewal shall be denied if . . . the applicant has not operated the licensed premises for at least 30 eight-hour days during each of the two preceding calendar years, unless the board determines that the licensed premises are under construction or cannot be operated through no fault of the applicant.

The implementing regulation, 3 AAC 304.170(b), provides that a licensee may apply to the board for a waiver of the operating requirement in AS 04.11.330(a)(3) and "the board will determine whether, through no fault of the licensee or because the premises are under construction, the licensed premises could not be operated for the required time[.]"

### A. The Board Did Not Err When It Assigned The Burden Of Proof To Rollins.

---

[9] *Stevens v. State of Alaska, Alcoholic Beverage Control Bd.*, 257 P.3d 1154, 1156 (Alaska 2011).

[10] *Rollins*, 991 P.2d at 206 (quoting *Handley v. State, Dep't of Revenue*, 838 P.2d 1231, 1233 (Alaska 1992).

[11] *Stevens*, 257 P.3d at 1156 (quoting *Squires v. Alaska Bd. of Architects, Eng'rs, & Land Surveyors*, 205 P.3d 326, 332 (Alaska 2009)) (internal quotation marks omitted).

The ALJ concluded that Rollins bore the burden of proof because she sought to change the status quo by requesting a waiver from the operating requirement. Rollins argues that the Board should bear the burden of proof. Rollins relies on *Alaska Alcohol Control Board v. Malcolm, Inc.*, where this court held that in denying *a renewal* of a license, the Board bears the burden of proof.[12] In reaching that conclusion, this court relied on the fact that a person who seeks renewal of a liquor license is designated as the respondent.[13] In *State, Alcoholic Beverage Control Board v. Decker*, however, this court placed the burden of proof on a liquor license *applicant*, stating that "[o]rdinarily the party seeking a change in the status quo has the burden of proof."[14]

After *Malcolm* and *Decker*, the Administrative Procedure Act (APA) was amended to place the burden of proof on the respondent in certain circumstances.[15] Alaska Statute 44.62.460(e) now provides:

> Unless a different standard of proof is stated in applicable law, the
>
> (1) petitioner has the burden of proof by a preponderance of the evidence if an accusation has been filed under AS 44.62.360 or if the renewal of a right, authority, license, or privilege has been denied;
>
> (2) respondent has the burden of proof by a preponderance of the evidence if a right, authority, license, or privilege has been initially denied or not issued.

---

[12]     391 P.2d 441, 444 (Alaska 1964).

[13]     *Id.* at 444.

[14]     700 P.2d 483, 485 (Alaska 1985).

[15]     Ch. 63, § 8, SLA 1995.

In this case, Rollins initiated the administrative proceeding by filing a waiver of operation application under AS 04.11.330(a)(3). This statute provides that an application for renewal must be denied if "the applicant has not operated the licensed premises for at least 30 eight-hour days during each of the two preceding calendar years, *unless the board determines that the licensed premises are under construction or cannot be operated through no fault of the applicant*[.]"[16] In addition, the implementing regulation clearly requires a licensee to make a special application for this waiver and clearly requires the Board to make the same determination.[17] Because the licensee must apply for a waiver, and because the Board must make an affirmative no-fault determination, it is clear that a waiver of operation is a privilege, and that the applicant must affirmatively prove the lack of fault. Thus, the Board properly assigned the burden of proof to the respondent in her application for a waiver.

The ALJ also relied on a regulation associated with the APA, which provides that "[u]nless otherwise provided by applicable statute or regulation, the burden of proof and of going forward with evidence is on the party who requested the hearing. . . ."[18] Here it is Rollins who exercised her right to a hearing after the Board initially denied her application for waiver. Therefore, this regulation also supports the ALJ's recommendation on the burden of proof. We conclude that the Board correctly required Rollins to bear this burden.

### B. The Board's Decision Was Supported By Substantial Evidence.

Under AS 04.11.330(a)(3), the Board was required to deny Rollins's application unless it determined that her failure to operate under the license was not her

---

[16]   AS 04.11.330(a)(3) (emphasis added).

[17]   3 AAC 304.170(b).

[18]   2 AAC 64.290(e).

fault.  Rollins argues that the ALJ erred when he ruled against her on this issue.

At the hearing, Rollins presented little evidence regarding her efforts to operate her license after she vacated the Old Airport Way location.  Rollins testified that between May 2008 and May 2009, she had approximately six conversations with a potential buyer.  In August 2009, she investigated the possibility of moving to another location.  Although it appears the location was equipped to operate a bar, Rollins did not want to share the location with a restaurant that was already operating there.  In October 2009, Rollins prepared a business plan and spoke with a bank about obtaining a loan, but she did not receive the loan.  Rollins also spoke with a real estate agent about other possible locations, and she placed an ad in the newspaper offering the license for sale.

The ALJ found that Rollins did not establish the requisite absence of fault. First, the ALJ explained that the problems at the Old Airport Way location were within Rollins's control, and she did not take reasonable steps to eliminate them before she voluntarily left in May 2008.  Second, the ALJ found that Rollins did not take reasonable steps to operate the license again in 2009.  Third, the ALJ commented that Rollins failed to show her plan to operate the license at the Old Richardson Highway location (where she previously failed to operate the license) was feasible or that it could be accomplished in a reasonable time.  The ALJ relied on this court's holding that the purpose of the operating requirement was  to "prevent a licensee from holding onto one of a limited number of licenses without operating it . . . beyond a reasonable time necessary to construct or otherwise establish premises. . . ."[19]  The ALJ ultimately concluded that Rollins was not entitled to a waiver because she did not take reasonable steps to operate the license and instead chose not to operate the license for business reasons.

---

[19]     *Rollins*, 991 P.2d at 209.

Rollins challenges several of the ALJ's factual findings. She argues that the ALJ improperly speculated about measures Rollins could have taken to resolve issues at the Old Airport Way location when he found that her actions were not reasonable. Rollins also asserts that there were legitimate reasons to reject the alternative location and clarifies that her advertisement for sale of the license ran in the newspaper for six weeks.

We note that the Board was required to deny Rollins's application for a waiver unless it found that the licensed premises could not be operated and that Rollins was not at fault for this condition.[20] In this appeal, we decide only whether the ALJ's conclusion on this issue is supported by substantial evidence.[21] In deciding whether the license was not operated through no fault of the applicant for waiver, it was appropriate for the ALJ to consider the options available to the applicant.

The evidence Rollins presented at the hearing showed that she did not take reasonable steps to operate her license. Rollins admitted she voluntarily left the Old Airport Way location in May 2008 and that her lease was still valid. She was concerned that the building manager was operating her license after hours, but she presented no evidence of steps she took to prevent this after-hours operation. Rollins presented no evidence that she attempted to operate her license from May 2008 to May 2009. Rollins did investigate other options to operate or sell the license, but ultimately rejected them. She considered but rejected an opportunity to lease another location. Rollins tried to obtain a loan to buy property but the bank refused.

---

[20]     *See* AS 04.11.330(a)(3).

[21]     *Rollins*, 991 P.2d at 206 (the "substantial evidence" test applies to questions of fact).

At the hearing, Rollins was asked if it was correct that she "could have operated [the license], but . . . chose not to do that because . . . it [wasn't] profitable enough." She responded, "That's exactly right. I could not afford to do that. . . . I don't feel like throwing all my retirement monies away." She explained that she couldn't sell the license because she wanted cash, and she couldn't find a buyer. Based on this evidence, the ALJ reasonably concluded that Rollins's failure to operate the license was the result of business decisions.

Although in her application Rollins stated that she planned to operate the license at the Old Richardson Highway location, she presented no evidence of actions she had taken which would make it possible to operate a bar there. And, if her previous attempts to operate at that location were any indication, the premises likely needed significant renovations. We conclude that the Board's ultimate finding — that Rollins failed to establish that she was without fault in failing to operate her license — is supported by substantial evidence in the record.[22]

## C.   Rollins Was Not Denied Due Process.

Rollins argues that she was denied due process at the hearing. She argues that she understood that the hearing would address the effect of the settlement letter and whether this was her first application for waiver. Rollins also asserts that the hearing was generally unfair and that she was "denied the right to interject and present her findings in her own word and manner."

---

[22]   Because the ALJ treated her application as a first application for a waiver and because the ALJ did not rely on the 2003 settlement, we do not need to address Rollins's arguments that her application should be treated as a first application or that the Board cannot place "a lifetime waiver restriction on a license."

Rollins correctly notes that a litigant has a due process right to fair notice of the issue to be litigated.[23] But the record does not support Rollins's argument that she was misled about the issue to be addressed. After Rollins exercised her right to a formal hearing, the Board filed and served a statement which framed the issue as follows: "Should the Alcoholic Beverage Control Board grant [Rollins's] request, dated October 21, 2009, for waiver of the AS 04.11.330 requirement to operate its alcoholic beverage dispensary license — whether the requested waiver be viewed as a first or a sixth waiver . . . ?"

At a pre-hearing conference, the ALJ clarified the issue by explaining to Rollins that the effect of the settlement letter and whether this application was the sixth application for a waiver were topics that could be addressed. But the ALJ reiterated that the ultimate question was "whether a waiver should be granted under the circumstances in 2009" and explained that Rollins would need to present evidence about the circumstances in 2009 that supported a waiver. When Rollins indicated that she did not understand, the ALJ repeated that the Board would have to make a decision about whether to grant a waiver "regardless of what happened in 2003 and the settlement agreement."

We have explained that "due process requires that a license holder be provided with notice and an opportunity to be heard in a meaningful, impartial hearing."[24] Here, Rollins does not allege that there were any procedural defects in her

---

[23]    *See Cushing v. Painter*, 666 P.2d 1044, 1046 (Alaska 1983) (reversing a final child custody decision made after a hearing scheduled to determine interim custody).

[24]    *Stevens v. State of Alaska, Alcoholic Beverage Control Bd.*, 257 P.3d 1154, 1160 (Alaska 2011) (quoting *Rollins*, 991 P.2d at 211) (internal quotation marks (continued...)

hearing or that it did not comply with the APA. She was given an opportunity to speak and to present and cross-examine witnesses. When she testified, the ALJ asked questions regarding her actions over the period from 2008 to 2009. During the questioning, Rollins spoke freely. And at the end of his questions, the ALJ asked if there was anything Rollins wanted to add. She replied, "Nope that's it."

Rollins's arguments that she was denied fair notice and a fair hearing are not supported by the record. We therefore conclude that Rollins was not denied due process.

D.    **The Board Did Not Violate Rollins's Right To Equal Protection By Engaging In Selective Prosecution.**

Rollins argues that the Board's decision amounts to selective prosecution because the Board has previously granted multiple waivers to other license holders. In our previous decision in this case, we explained that "[i]n order to make a prima facie case that the Board selectively enforced the annual operating requirement . . . Rollins would have to show that the Board intended to discriminate against her based on an arbitrary or unjustifiable classification."[25] As in the previous case, Rollins has failed to offer any evidence of discriminatory intent.[26]

Both the current executive director and the former executive director of the Board testified that Rollins's case is unique. The former attorney for the Board agreed. Although the current executive director could not remember if the Board had ever denied a first application for waiver, she also testified that there are situations when a first

---

[24]    (...continued)
omitted).

[25]    *Rollins*, 991 P.2d at 210.

[26]    *See id.*

waiver might be rejected. Rather, the Board inquires as to the reasons for the application in order to make the required determination under AS 04.11.330(a)(3). The Board also considers the history of a license in evaluating whether the licensee is entitled to a waiver. The former attorney for the Board testified that in determining whether to grant a waiver, the Board considers whether a waiver is in the public interest.

This testimony suggests that the Board does not automatically grant first and second applications for waiver, and that the Board generally considers the licensee's history when deciding whether to grant a waiver. We conclude that Rollins has failed to show that the Board's decision in this case involved any arbitrary or unjust classification that would violate her right to equal protection.

V.    **CONCLUSION**

We AFFIRM the superior court's decision to uphold the Board's decision denying Rollins's application for a waiver of the annual operating requirement.